UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BRITTANY STRINGFIELD and ERIN
CHARLESTON, on behalf of themselves and
all others similarly situated,

        Plaintiffs,

vs.

EAST NAPLES RIB CITY GRILL d/b/a RIB
CITY GRILL, RIB CITY FIDDLESTICKS,
INC. d/b/a RIB CITY GRILL, RIB CITY
GROUP, INC. d/b/a RIB CITY GRILL, RIB
CITY IMMOKALEE, INC. d/b/a RIB CITY
GRILL, RIB CITY N41, INC. d/b/a RIB CITY
GRILL, RIB CITY LEHIGH, INC. d/b/a RIB
CITY GRILL, RIB CITY CROSSWINDS,
INC. d/b/a RIB CITY GRILL, R-80 RIB
CITY, INC. d/b/a RIB CITY GRILL, and RIB
CITY S.B., INC. d/b/a RIB CITY GRILL,
PAUL PEDEN and CRAIG PEDEN,

        Defendants.
_____/

CASE NO.: 2:09-cv-681-FtM-99SPC

## MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT, INCORPORATED MEMORANDUM OF LAW, STATEMENT OF UNDISPUTED FACTS, AND MOTION TO STRIKE

The Defendants, EAST NAPLES RIB CITY GRILL d/b/a RIB CITY GRILL, RIB CITY FIDDLESTICKS, INC. d/b/a RIB CITY GRILL, RIB CITY GROUP, INC. d/b/a RIB CITY GRILL, RIB CITY IMMOKALEE, INC. d/b/a RIB CITY GRILL, RIB CITY N41, INC. d/b/a RIB CITY GRILL, RIB CITY LEHIGH, INC. d/b/a RIB CITY GRILL, RIB CITY CROSSWINDS, INC. d/b/a RIB CITY GRILL, R-80 RIB CITY, INC. d/b/a RIB CITY GRILL, and RIB CITY S.B., INC. d/b/a RIB CITY GRILL, PAUL PEDEN and

CRAIG PEDEN, by and through their undersigned counsel, file this Motion to Dismiss pursuant to Rule 12(b)(1) and (6) of the Federal Rules of Civil Procedure or, in the alternative, Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, with an Incorporated Memorandum of Law and Statement of Undisputed Facts, and Motion to Strike pursuant to Rule 12(f) of the Federal Rules of civil Procedure and, in support thereof, state as follows:

## PRELIMINARY STATEMENT

The Plaintiffs were servers/hostesses at a single Rib City Restaurant (EAST NAPLES RIB CITY GRILL) throughout their entire employment relationships with the Rib City Restaurant chain. In letters dated June 30, 2009 and August 3, 2009, opposing counsel advised the EAST NAPLES RIB CITY GRILL that Plaintiffs (i) were not allowed to clock-in until a food order was submitted and were, therefore, working without receiving compensation for this time; and (ii) were not properly compensated for overtime. In response thereto, time cards were reviewed and EAST NAPLES RIB CITY GRILL concluded that Ms. Stringfield was consistently late for her scheduled shifts and, in reality, clocked-in when she actually arrived at work. This fact is supported by the clock-in times for other servers and hostesses during the relevant timeframe who arrived to work at or about the time of their scheduled shifts and clocked-in upon arrival.

Nonetheless, on or about July 24, 2009, in order to avoid litigation in this matter with respect to Ms. Stringfield, EAST NAPLES RIB CITY GRILL tendered two checks to opposing counsel (made payable to Ms. Stringfield) in the amounts of $973.54, for the alleged unpaid compensation less the applicable withholdings, and $1,057.43 in liquidated

damages. Those amounts represent any possible claim that Ms. Stringfield may have for unpaid wages and/or overtime compensation.

Despite having fully satisfied these claims, Plaintiffs have seemingly chosen to file the instant lawsuit, while simultaneously, and disingenuously, failing to disclose to the Court the prior resolution of Ms. Stringfield's claims- thereby depriving this court of subject matter jurisdiction. In addition, the Complaint should be dismissed given Plaintiffs' failure to plead (i) any basis for individual liability under the Fair Labor Standards Act ("FLSA") to be imposed upon Defendants Paul Peden and Craig Peden; and (ii) any basis for liability under the FLSA for the eight (8) Rib City Restaurants, other than the EAST NAPLES RIB CITY GRILL, which have absolutely no relationship to the claims at issue. Thus, instead of focusing on the facts at issue, Plaintiffs have approached this lawsuit with a "kitchen sink" approach- hoping the number of defendants or the irrelevant and prejudicial materials attached as Exhibits to the Complaint will somehow sway this Court to rule in their favor. The Plaintiffs are, for all intents and purposes, misguided.

## STATEMENT OF UNDISPUTED FACTS

1. On or about October 15, 2009, Plaintiffs filed a Complaint against nine Rib City Restaurants, as well as the two individual owners of the various Rib City Restaurants, in the Middle District of Florida.

2. On or about June 30, 2009, counsel for Ms. Stringfield transmitted a letter to the EAST NAPLES RIB CITY GRILL advising of alleged FLSA violations.

3. On or about July 24, 2009, in order to avoid litigation in this matter with respect Ms. Stringfield, EAST NAPLES RIB CITY GRILL tendered two checks to opposing

counsel (made payable to Ms. Stringfield) in the amounts of $973.54, for the alleged unpaid compensation less the applicable withholdings, and $1,057.43 in liquidated damages.

4. Plaintiffs, during their entire employment relationships with the Rib City Restaurant chain, have solely provided services at the EAST NAPLES RIB CITY GRILL.

## MEMORANDUM OF LAW

### I. Ms. Stringfield's Claims Are Moot

The FLSA, 29 U.S.C. § 201, et seq., sets forth standards for the basic minimum wage and overtime pay. It requires, among other things, that employers pay covered employees who are not otherwise exempt at least the federal minimum wage and overtime pay of one-and-one-half-times the regular rate of pay. Ms. Stringfield worked as a hostess and server at the EAST NAPLES RIB CITY GRILL from December 20, 2007 through March 24, 2009. See Affidavit of Dina Green, sworn to on November 12, 2009, ("Green Aff.") attached hereto as Exhibit "A". Tellingly, throughout her entire employment relationship, she never once raised any concern whatsoever regarding her compensation.

Nonetheless, in an effort to resolve this matter without accruing the costs associated with litigation, upon receipt of the June 30, 2009 letter from opposing counsel, EAST NAPLES RIB CITY GRILL, in conjunction with its counsel, reviewed every shift that Ms. Stringfield was scheduled to work and, despite evidence to the contrary, assumed that she arrived on time for each of these shifts. Green Aff., ¶¶5-8. Thus, the amount arrived at would be the greatest possible amount that could be recovered by Ms. Stringfield with respect to an unpaid wages claim. Stated differently, the amount was arrived at by proceeding with the assumption that Ms. Stringfield arrived for work exactly on time for

each scheduled shift and immediately began working- thus giving Ms. Stringfield every benefit of the doubt despite the fact that she was written up for consistent tardiness. Green Aff., ¶8. Thus, on July 24, 2009, for purposes of resolving the matter without court intervention, the undersigned sent a letter to opposing counseling indicating, in pertinent part, as follows:

> I have calculated as follows:
> 
> - **$920.56**- reflecting the total hour differential between Ms. Stringfield's scheduled start time and her actual clock-in time (178.75 hours) multiplied by her hourly rate ($5.15 per hour).
> 
> - **Plus $136.87**- reflecting the overtime that would be payable to Ms. Stringfield had she worked every hour she was scheduled to work on a weekly basis. (Ms. Stringfield would be entitled to half time ($2.58 per hour) for 53.05 hours).
> 
> The enclosed check represents any possible claim for wages that Ms. Stringfield could conceivably have pursuant to the FLSA or Florida law regarding compensation. If you so desire, I can provide you with the time cards and payroll records that support the calculations in the attached materials. This payment is being paid to avoid the time and expense involved with litigation and is without reservation or conditions. Please be advised that pursuant to the applicable legal authority, Ms. Stringfield's claims are now moot. See Holcomb v. The Mortgage House, Inc., 2007 WL 129008 (M.D.Fla. Jan. 13, 2007).

A copy of this July 24, 2009 letter, with a copy of the enclosed checks, is attached to the Green Affidavit as Exhibit "1". As noted in Holcomb:

> If there is no live controversy, the Court must dismiss Plaintiff's overtime claim as moot . . . . In the FLSA case of Thomas v. Interland, Inc., 2003 WL 24065651 (N.D.Ga. Aug. 25, 2003), the district court held that the case was moot and it lacked subject matter jurisdiction to hear plaintiff's FLSA claim where defendant offered to satisfy plaintiff's entire demand. . . . . see Rand v. Monsanto, 926 F.2d 596, 597-98 (7th Cir. 1991) ("Once the defendant offers to satisfy the plaintiff's entire demand, there is no dispute over which to litigate and a plaintiff who refuses to acknowledge this loses outright, under Fed. R. Civ. P. 12(b)(1), because he has no remaining stake.").

5

Holdcomb, 2007 WL 129800 at *2.

Tellingly, shortly after the checks were tendered to Ms. Stringfield, opposing counsel contacted the undersigned's office to inquire as to whether EAST NAPLES RIB CITY GRILL was inclined to pay Ms. Stringfield's attorney's fees to date in this matter. Apparently, having not received the desired response, counsel for Ms. Stringfiled opted to file suit for the sole purpose of recovering attorney's fees. Even if counsel for Ms. Stringfield was entitled to fees prior to the initiation of the instant litigation, which the Defendants dispute, the issue of fees does not prevent dismissal of the underlying claim ass moot. Holcomb, 2007 WL 129800 at *2 (citing Lewis v. Continental Bank Corp., 494 U.S. 472, 480 (1990) ("An interest in attorney's fees is insufficient to create Article III case or controversy where none exists on the merits of the underlying claim.")). This conduct is, by all accounts, impermissible as Ms. Stringfield's claims were mooted by the tendering to Ms. Stringfield, prior to the initiation of litigation, all monies that she could possible claim are due and owing. As such, Ms. Stringfield's claims must be dismissed and/or summary judgment must be granted for failing to present a justiciable case or controversy.

## II. Paul Peden And Craig Peden Are Not Proper Parties To This Litigation

It is axiomatic that the FLSA provides a right of action against an employer who violates certain practices, such as the payment of a minimum wage. See 29 U.S.C. §206. The FLSA defines "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. §203(d). Thus, adverse employment actions attributable to individuals as a consequence of their authority over employment decisions can lead to individual liability where those actions violate the FLSA.

Notably, although various tests have been used to determine if an employer is subject to individual liability, see Tracy ex rel v. NVR, Inc., 2009 WL 3153150, *3 (W.D.N.Y. Sept. 30, 2009) (The "economic realities test" considers four relevant factors: "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records."); Austin v. Cook County, 2009 WL 799488 (N.D. Ill. March 25, 2009) (Under the FLSA, a person is considered an "employer" and subject to individual liability if two conditions are met: (1) the individual had supervisory authority over the plaintiff; and (2) the individual was at least partly responsible for the alleged violation.); Does v. Rodriguez, 2007 WL 684117 (D. Colo. March 2, 2007) (individual liability under the FLSA can attach to corporate officers based on such factors as "the significant ownership interest of the corporate officers; their operational control of significant aspects of the corporation's day to day functions, including compensation of employees; and the fact that they personally made decisions to continue operating the business despite financial adversity and the company's inability to fulfill its statutory obligations to its employees."); the critical inquiry becomes the involvement of the named individuals in the payroll decisions at issue with the plaintiffs.

Here, paragraphs sixteen (16) and seventeen (17) of the Complaint merely identify Paul Peden and Craig Peden as co-owners and operators of Rib City Restaurants. There is <u>no other allegation</u> in the Complaint tying Messrs. Paul and Craig Peden to payroll policies in general, let alone any payroll decision that was made with respect to the Plaintiffs herein. As such, Plaintiffs have failed to allege any basis for individual liability under the FLSA and

they should, therefore, be dismissed from this action. See Tracy v. NVR, Inc., 2009 WL 3153150, *5 (W.D.N.Y. Sept. 30, 2009) (finding that pleading that certain individuals held the position of Chairman and President was an insufficient basis to amend the pleadings to assert a claim of individual liability under the FLSA because "[t]o accept the adequacy of these allegations would license suit under the FLSA against every high level officer and board member of large public companies simply because of the position the individual holds."). The reason for the lack of any allegation tying Defendants Paul Peden and Craig Peden to the payroll practices complained of is simple- they were neither involved in any of the alleged payroll practices or decisions, nor did they have any direct supervisory authority over the Plaintiffs herein. Accordingly, they should be dismissed as parties to this lawsuit as the Plaintiffs have failed to state a claim against them.

### III. All Rib City Locations, Absent East Naples Rib City Grill, Are Not Proper Parties

It is undisputed that the Plaintiffs, during their entire employment relationships with the Rib City Restaurant chain, have solely provided services at the EAST NAPLES RIB CITY GRILL. Green Aff., ¶10. The Plaintiffs themselves have no viable claim for unpaid compensation, if such a claim exists, from any entity other than EAST NAPLES RIB CITY GRILL. Having plead absolutely no nexus or causal connection to the claims brought by the Plaintiffs in the instant lawsuit, and being unable to plead such a connection, RIB CITY FIDDLESTICKS, INC. d/b/a RIB CITY GRILL, RIB CITY GROUP, INC. d/b/a RIB CITY GRILL, RIB CITY IMMOKALEE, INC. d/b/a RIB CITY GRILL, RIB CITY N41, INC. d/b/a RIB CITY GRILL, RIB CITY LEHIGH, INC. d/b/a RIB CITY GRILL, RIB CITY CROSSWINDS, INC. d/b/a RIB CITY GRILL, R-80 RIB CITY, INC. d/b/a RIB CITY

GRILL, and RIB CITY S.B., INC. d/b/a RIB CITY GRILL must be dismissed for lack of subject matter jurisdiction. See Pro Image Installers, Inc. v. Dillon, 2009 WL 112953, *2 (N.D. Fla. Jan. 15, 2009) ("Dismissal may be especially appropriate where . . . the plaintiff attempts to hold one defendant liable for the acts of other defendants or an individual defendant liable for the acts of a corporation.").

Here, it is undisputed that there is absolutely no set of facts to support holding any entity other than EAST NAPLES RIB CITY GRILL potentially liable for any alleged overtime violations. Thus, all other corporate defendants must be dismissed.

### IV. The Irrelevant Materials Attached As Exhibits To The Complaint Are Prejudicial And Must Be Stricken

Quite surprisingly, although Plaintiffs seemingly "forgot" to advise the Court as to the prior dealings between the parties with respect to the tendering of checks to moot Ms. Stringfield's claim, the Plaintiffs somehow feel justified in submitting to the Court, as Exhibits to the Complaint, various irrelevant, impertinent, and prejudicial material. As such, EAST NAPLES RIB CITY GRILL, the only properly named Defendant in this lawsuit, assuming there is a proper defendant, moves this Court for entry of an order striking from Plaintiffs' Complaint all immaterial, impertinent or scandalous matter.

Rule 12(f) of the Federal Rules of Civil procedure provides that "the court may order stricken from an pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." In particular:

(i) Exhibit "A" to the Complaint contains a listing of local Rib City Restaurants. Not only is EAST NAPLES RIB CITY GRILL the only potentially proper Defendant in this action, but a listing of the local Rib City Restaurants is

irrelevant to the claims of unpaid compensation asserted by the Plaintiffs in this action and in no way could form the basis of any sort of claim for liability for other restaurants or the individually-named defendants. Thus, this Exhibit must be stricken; and

(ii) Exhibit "B" to the Complaint contains printouts of docket entries of other FLSA actions brought against Rib City Restaurants. These materials are particularly scandalous and prejudicial as Plaintiffs are attempting to persuade this Court to believe that since other FLSA actions have been filed against these defendants, there must be rampant violations of the FLSA. This approach is appalling and inexcusable given the absence of any probative value associated with these materials, let alone any acknowledgement that the issues raised in prior lawsuits are completely distinct from those raised by Plaintiffs herein. See e.g., Casciani v. Nesbitt, 2009 WL 3172684 (W.D.N.Y. Oct. 6, 2009) (citing Bliss v. Rochester City School District, 196 F. Supp.2d 314, 326-31 (W.D.N.Y. 2002) ("evidence relating to claims of discrimination made by other individuals in other, unrelated lawsuits against the same defendant 'had no bearing whatsoever' on plaintiff's claims of race discrimination.")). As such, this Exhibit must be stricken and counsel for Plaintiffs should be cautioned as to proceeding in this litigation with such unprofessional and unscrupulous tactics.

Although recognizing that a motion to strike is ordinarily granted only if "the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues,

or otherwise prejudice a party," Reyher v. Trans World Airlines, Inc., 881 F. Supp. 574, 576 (M.D. Fla. 1995), the documents annexed as Exhibits A and B to the Complaint are impertinent, immaterial, wholly devoid of probative value and can objectively be viewed solely as an attempt to influence this Court's ruling on the ultimate issues in this case through tangential, irrelevant and – in this context- prejudicial material. Even worse, these Exhibits seek to prejudice the Court against the Defendants and to impermissibly base any rulings in this action upon the mere fact that other, unrelated actions have been filed against the Defendants. As such, the Exhibits are properly stricken.

## CONCLUSION

For all the foregoing reasons, (i) Ms. Stringfield's claims are moot and this lawsuit must be dismissed; (ii) Paul Peden and Craig Peden are not proper parties to this lawsuit and should therefore be dismissed; (iii) all corporate entities other than East Naples Rib City Grill are not proper parties to this lawsuit and should therefore be dismissed; and (iv) all immaterial, irrelevant and prejudicial material annexed to the Complaint, and all references thereto contained in the Complaint, must be stricken.

**WHEREFORE,** the Defendants respectfully request that this Court (i) dismiss Plaintiffs' Complaint for lack of subject matter jurisdiction and failure to state a cause of action upon which relief may be granted or, in the alternative, (ii) grant summary judgment in favor of Defendants because there are no genuine issues of material fact in dispute and Defendants are entitled to judgment as a matter of law; (iii) strike all immaterial and prejudicial matter from the Complaint; and (iv) grant such other and further relied that this Court deems just and proper.

Respectfully submitted,

**/s/ Denise L. Wheeler**
Denise L. Wheeler
Florida Bar No: 0017809
Jaime A. Maurer
Florida Bar No: 0033313
FOWLER WHITE BOGGS P.A.
P.O. Box 1567
Fort Myers, FL  33902
(239) 334-7892
Fax No: (239) 334-3240
Email: dwheeler@fowlerwhite.com
Attorneys for Defendants

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and accurate copy of the above and foregoing has been furnished by electronic filing to Bill Berke, Esq. and Patrick Javier, Esq., Berke & Lubell, P.A., 1003 Del Prado Blvd., Suite 300, Cape Coral, Florida 33990, on this 13th day of November, 2009.

By: **/s/ Denise L. Wheeler**
Denise L. Wheeler